In the Matter of the Application of EUGENE E. LOSEE, Petitioner, for an Order against EDWIN W. WALLACE, as Commissioner of Public Welfare of the County of Nassau, Respondent.

Supreme Court, Nassau County, November 13, 1939.

*Milton Pincus*, for the petitioner.

*James L. Dowsey, County Attorney*, for the respondent.

STEINBRINK, J.    This is an application for a peremptory order of mandamus directing the petitioner's reinstatement to the position of senior account clerk in the department of public welfare of Nassau county.

After passing a competitive examination conducted by the Nassau county civil service commission, the petitioner, a disabled veteran of the Spanish-American war, was given a three months' probationary appointment to the office of senior account clerk in the department of public welfare.    His employment was termi-

nated at the end of the probationary period without having received any notice of hearing on stated charges. The foregoing facts are not disputed. In addition thereto the petitioner alleges that during the three months' period he was assigned to perform the duties of administrative assistant, a position differing from the one he was appointed to fill. On this application for a peremptory order the statement in the opposing affidavit that there exists no such position as administrative assistant and that the petitioner was assigned to perform the duties of a senior account clerk must be accepted as true.

The only question presented is whether the petitioner's status as a disabled veteran of the Spanish-American war entitled him to a hearing on stated charges in the manner prescribed by section 22 of the Civil Service Law, even though he was appointed for a probationary term.

Prior to its amendment in 1930, section 6 of article 5 of the New York State Constitution read as follows: " § 6. Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examinations, which, so far as practicable, shall be competitive; *provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of this State, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made.* Laws shall be made to provide for the enforcement of this section." (Italics mine.)

Section 9 of the Civil Service Law, as amended by Laws of 1927, chapter 440, section 2, provides in part as follows; " All appointments or employments in the classified service, except those of veterans of the Civil War, honorably discharged from the military or naval service of the United States, shall be for a probationary term not exceeding the time fixed in the rules."

In 1930 the quoted constitutional provision was amended by substituting for the above italicized clause the following: " § 6 * * * provided, however, any honorably discharged soldiers, sailors, marines or nurses of the army, navy or marine corps of the United States disabled in the actual performance of duty in any war, to an extent recognized by the United States Veterans' Bureau, who are citizens and residents of this State and were at the time of their entrance into the military or naval service of the United States, and whose disability exists at the time of his or her application for such appointment or promotion, shall be

entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made."

Despite the 1930 constitutional amendment, the provisions of section 9 of the Civil Service Law with respect to the power to appoint for a probationary term remains unchanged. Thus, except for veterans of the Civil war, the statute as it now reads sanctions the appointment of a disabled veteran of any war, including the Spanish-American war, for a probationary term. Does that sanction, coupled with the incidental power to remove without a hearing on stated charges at the end of the probationary term, conflict with the constitutional preference in appointment given to disabled veterans of any war without regard to their standing on the list from which the appointment may be made? This court has been unable to find any decision squarely in point. While the question was before the Court of Appeals in *People ex rel. Sweet* v. *Lyman* (157 N. Y. 368) it was not passed upon. In that proceeding the relator was an honorably discharged veteran of the Civil war, and after passing a competitive civil service examination was given a three months' probationary appointment to the position of special agent in the Excise Department. He was advised that his term of office would cease at the end of the probationary period, because his efficiency and capacity for the work during the probationary period was found to be unsatisfactory. With the termination of his employment he applied for a peremptory writ of mandamus, directing his reinstatement. He contended that, having been appointed to his position as the result of an open competitive examination, he was entitled to retain it until removed in the manner prescribed by the Veterans Act (Laws of 1896, chap. 821). The foregoing statute provided in substance, as does section 22 of the present Civil Service Law, that an honorably discharged veteran holding a position by appointment or employment may not be removed from such position except for incompetency or misconduct after a hearing upon due notice upon stated charges. By a divided court it was held that the relator was not entitled to the benefit of the Veterans' Act for the reason that the position from which he was removed was a confidential one. Judge HAIGHT dissented because of his belief that the position was not confidential. Judge BARTLETT concurred in this view, but placed his dissenting vote on the additional ground that under section 9 of article 5 of the Constitution (as amended, now article 5, section 6), the relator was entitled to a permanent appointment as soon as his name was reached on the eligible list. It was his opinion that the provisions for probationary appointments, in so far as they were made to

apply to a veteran, entitled to a constitutional preference in appointment, were contrary to the letter and spirit of the Constitution. He said: " If this rule and the legislation upon which it is based can stand, it may be well asked what has become of that protection which the Constitution is supposed to afford the veteran after his merit and fitness have been ascertained by a competitive examination and his name entered on the eligible list?

" It comes to this, that he receives his absolute appointment only if his conduct, capacity and fitness are satisfactory to the appointing officer. To my mind, this amounts to a practical repeal of the constitutional provisions to which reference has been made.

" If the act of 1883 and the rule framed in pursuance of it stand, the Legislature can repeal the act of 1896 and all other acts standing in the way, and appointments will depend upon the whim, the caprice, of an appointing officer if he is disposed to abuse the power with which he is vested. It is no answer to say that the law presumes an officer will perform his duty properly.

" The civil service policy of the State, which was finally placed in the Constitution, seeks to do away with this abuse of power and patronage."

The soundness of these views cannot be seriously questioned if the constitutional provision by its plain terms was intended to afford a real preference to disabled veterans of any war. An appointment subject to nullification at the end of a probationary term because some official is dissatisfied with the work performed by the appointee cannot be regarded as constituting a real preference in appointment. It must accordingly be held that the petitioner's appointment was absolute and could not have been terminated except in the manner prescribed by section 22 of the Civil Service Law, that is, except " for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari."

A peremptory order of mandamus will issue.