In the Matter of the Application of EUGENE E. LOSEE, Respondent, for an Order against EDWIN W. WALLACE, as Commissioner of Public Welfare of the County of Nassau, and RICHARD H. BROWN and Others, Constituting the Nassau County Civil Service Commission, and THEODORE BEDELL, JR., as Comptroller of the County of Nassau, Appellants.— Order granting motion of petitioner-respondent for an order directing his reinstatement to the position of senior account clerk in the department of public welfare of the county of Nassau, as of the 1st day of September, 1939, modified by striking therefrom the recital reading: " and it having appeared that there are no triable issues of fact," and all the ordering paragraphs, and by providing in lieu thereof the following: " ORDERED that a triable issue of fact is duly raised as to whether or not the petitioner was assigned during his probationary period to perform the duties of senior account clerk in the Department of Public Welfare of the County of Nassau." As so modified, the order is unanimously affirmed, without costs, and the matter remitted for the purpose of determining such issue and making a final order in accordance with the provisions of section 1295 of the Civil Practice Act. We are of opinion that the petitioner, a disabled veteran of the Spanish American War, who passed a competitive examination conducted by the Nassau county civil service commission for the office of senior account clerk in the department of public welfare of Nassau county, was required to serve a probationary term to enable the appointing officer or commission to determine his merit and fitness. The Constitution of the State of New York, as amended, article V, section 6, providing that a preference be given to honorably discharged soldiers of the United States disabled in the actual performance of duty in war, does not exempt such applicants from the obligation of serving a probationary period as provided by the enforcement laws, unless they be veterans of the Civil War. (Civil Service Law, § 8, as amd. by Laws of 1902, chap. 270; now Civil Service Law, § 9.) We deem the application of the respondent to be one made pursuant to the provisions of article 78 of the Civil Practice Act and are of opinion that the issue of fact presented as to the duties assigned to the petitioner may be determined in this proceeding and thus that it is unaffected by the time limitation specified in section 1286 of the Civil Practice Act. Present — Lazansky P. J., Hagarty, Carswell, Johnston and Close, JJ. [172 Misc. 834.]

LILIA F. JAHN, Respondent, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.— Action to recover the amount of a policy of accident insurance in which plaintiff was named as beneficiary. After a trial before the court and a jury, a verdict was rendered in favor of plaintiff for the full amount of the policy. From the judgment thereon entered defendant appeals. Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event. The sole question litigated was whether the death of the insured as the result of inhaling carbon monoxide gas was accidental or suicidal. Implicit in the jury's verdict is a finding that such death was the result of accident. In our opinion the verdict is against the weight of evidence. Hagarty, Adel and Taylor, JJ., concur; Lazansky, P. J., and Carswell, J., dissent and vote to affirm the judgment.