In the Matter of WILLIAM J. SILVERMAN, Respondent, against FRANKLIN TAYLOR et al., as Members of the BOARD OF COUNTY JUDGES OF KINGS COUNTY, et al., Appellants.— Order granting motion of respondent for an order directing his reinstatement to the position of probation officer in the County Court, Kings County, as of July 17, 1945, and directing the City Comptroller to amend the County Court payrolls to provide for payment to respondent of back salary from July 17, 1945, to the date of his reinstatement, reversed on the law, without costs, and the matter remitted to the Special Term, Kings County, to determine the triable issue of fact that has been duly raised as to whether or not the appointing officers determined that respondent's services during his probationary period. had been unsatisfactory, and as to whether such determination, if any, was arbitrary and capricious; and to make a final order in accordance. with the' provisions of section 1295 of the Civil .Practice Act. Under section 9 of the Civil Service Law and rule XII of the Rules for Classified Civil Service, petitioner's appointment on April 17, 1945, ·to the position of probation officer was limited to a probationary period ending July 16, 1945. ` Section 6 of article V of the Constitution of the State of New York, as amended, providing that a preference be given to disabled veterans, does not exempt them from demonstrating their merit and fitness during a probationary period; nor does section 22 of the Civil Service Law require that a probationary appointee, even a disabled veteran, be accorded a hearing on charges. (*Matter of Losee* v. *Wallace,* 259 App. Div. 722; see also Report of the Subcommittee on Executive Administration and Powers of the 1938 New York State Constitutional Convention Committee [Vol. VIII, pp. 181, 188].) The papers, however, present issues of fact as to whether or not the appointing officers determined that petitioner's services during his probationary period had been unsatisfactory, and as to whether such determination, if any, was arbitrary and capricious. Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.

VIRGINIA McCANN, an Infant, by MARGARET McCANN,, her Guardian ad Litem, Respondent, v. CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries suffered by the infant plaintiff as· a consequence of a fall from a narrow ledge on the outer side of a pedestrian bridge in Highland Park, Borough of Queens. Judgment for the plaintiff reversed on the law and facts, with costs, and complaint dismissed on the law, with costs. No actionable negligence was established by the plaintiff. She suffered injury as a consequence of. going needlessly and recklessly on a portion of the structure at a point where no one had a right to go. The structure itself. was free from any defect so far as construction or maintenance was concerned. It was safe for travel by all who used it in a proper and customary manner. Only the highway was held out for such use; no other part was held out for use as a crossing. (*Freeman* v. *Brooklyn Heights R. R. Co.,* 54 App. Div. 596; *Bridge.,Co.* v. *Jackson,* 114 Pa. 321; *Maginnis* v. *City of Brooklyn,* 126 N. Y. 644; *Panunzio* v. *State of New York,* 266 App. Div. 9, affd. 292 N. Y. 625; *McHugh* v. *Reading Co.,* 346 Pa. 266.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.