Samuel H. Hofstadter, J.
In this proceeding under article 78 of the Civil Practice Act, the petitioner seeks a review of his dismissal by the Municipal Broadcasting System of the City of New York from his position as an. announcer and an order for his reinstatement. The petitioner is an honorably discharged veteran. After he had passed an examination for the position, which is in the competitive class of the civil service, and had been placed on an eligible list, the petitioner was appointed an *221 announcer, effective August 16, 1956. His employment was terminated February 17, 1957. Letters written by him and his counsel immediately thereafter to ascertain the ground for his dismissal brought forth merely the statement that the action had been taken pursuant to rule V (§ VIII, subd. 3, par. [a]) of the Rules and Regulations of the Civil Service Commission of the City of New York, quoted in the respondent’s reply, which authorizes the appointing officer to “ terminate the employment of any unsatisfactory employee ” at the end of his probationary period. In an affidavit on the present application the respondent’s director enumerates various derelictions of the petitioner during the course of his probationary employment from which, he asserts, he concluded that the petitioner was an unsatisfactory employee.
An appointing officer may by law terminate the service of an unsatisfactory employee at the end of his probationary period without charges or a hearing, even though he is a veteran (Matter of Voll v. Helbing, 256 App. Div. 44; Matter of Demilio v. Lounsbery, 275 App. Div. 979). The appointing officer in his appraisal of the services of an employee unquestionably has a wide latitude. The faults attributed to the petitioner by the respondent’s director, while in themselves not serious, might, and perhaps would, ordinarily be enough for the respondent’s finding, in the exercise of discretion, that the petitioner was an unsatisfactory employee. This would be true notwithstanding the affidavits of two supervisory employees of the respondent which explain away the incidents relied on by the director, for, in final analysis, the responsibility for running the broadcasting station rests with the director, and not with these employees.
The affidavits of these employees, however, take on critical significance from another factor in this case. The petitioner was previously employed by the respondent from June, 1948 to March, 1951; he passed a civil service examination for the position to which he was then appointed, during his service was given the added duties and responsibilities of studio manager and when he left for other employment was given a rating of satisfactory. Though not conclusive, this prior satisfactory service of almost three years tends naturally to prompt the inquiry why, on re-employment, the petitioner was found unsatisfactory. A possible answer is suggested by the petitioner. During his previous service a difference arose between the X>etitioner and the respondent’s director, because of the petitioner’s claim that the director had wrongly blamed him for the program error of another employee. This incident may have left the director with a hostile or adverse personal feeling *222 toward the petitioner to which he gave expression in the dismissal here complained of. Of course, the court does not say that this was the case. All that is determined is that the petitioner has shown enough to raise a triable issue as to whether it was or not. However broad the discretion of a department head in this area, there must at the very least be a genuine finding reached in good faith that the dismissed employee is unsatisfactory (Matter of Maynard v. Monaghan, 284 App. Div. 280; Matter of Silverman v. Taylor, 270 App. Div. 1040; Polsenski v. Montgomery, 71 N. Y. S. 2d 386, 389). If the venting of a personal grievance is found to lurk behind a finding of unfitness, the action taken becomes arbitrary and is stricken down. If the petitioner can establish his claim that this occurred here, he is entitled to redress. He should have a trial of the issue.
There appears to be a further issue in the case, whether the petitioner’s appointment was effective on August 16, as asserted by him, or on August 18, 1956, as contended by the respondent. If the petitioner is correct, the termination of his employment may have been after the expiration of the probationary period and in violation of his rights under section 22 of the Civil Service Law. That issue should also be tried.
The motion is granted to the extent of granting a trial of the foregoing issues. Settle order.