Peter A. Quinn, J.
Petitioner seeks by this article 78 proceeding (No. 93 on the Special Term, Part I calendar of Dec. 3, 1970) to review the determination of respondents dismissing him from employment as a probationary patrolman in the competitive civil service and for retroactive reinstatement. Respondents separately move (No. 92 on the Special Term calendar of Dec. 3, 1970) to dismiss the petition for failure to state facts sufficient to constitute a cause entitling petitioner to the relief sought.
It is undisputed that petitioner duly passed the written and physical civil service examinations for the position of Housing Patrolman and after having been certified as duly qualified (petitioner then serving in the Armed Forces of the United States) his name was placed on a special military list on October 14, 1968, pursuant to subdivision 7 of section 243 of the New York Military Law. On March 24, 1969 he was appointed from that list to the position of Housing Patrolman, subject to satisfactory service during a probationary period (■Civil Service Law, § 63) ending July 24, 1969.
On Friday, May 30, 1969 petitioner was scheduled to report for regular duty at 4 p.m. He did not report, nor give any notice or explanation of inability to report; nor did he report for duty at 8 a.m. on Sunday, June 2, 1969, when he was next *307 scheduled to report, nor meanwhile attempt to communicate with any superior or fellow officer his continuing inability to report or reason for not reporting or the likelihood of when he would next report. His absence continued unexplained until 1:45 p.m. on Monday, June 3, 1969 when he appeared at the training unit before a Deputy Inspector who, upon hearing his excuse of having left town after a disturbing domestic squabble and being ill for two days, said to him, “ Well, Officer Dooley, I am going to place you on suspension on the orders of the Chief and we are going to recommend your termination ”. By written notice dated June 9, 1969 petitioner was advised by the trial officer of the Housing Authority that he was charged with incompetency and misconduct in failing to report for duty on May 30, 1969, to which charges he was entitled to make answer before a hearing on an unspecified date to be fixed by later notice.
It is not suggested that respondent Housing Authority failed to notify petitioner of its application to the respondent Civil Service Commission to terminate his employment on a showing that his services as a probationer had been unsatisfactory. Nor is it suggested that petitioner protested his suspension or such proposed termination to the Housing Authority or Civil Service Commission at any time prior to July 23, 1969 when the Civil Service Commission authorized the Housing Authority to terminate petitioner’s probationary services on a satisfactory showing of reasonable grounds, pursuant to rule 5.2.4 (a) of the Rules of the Civil Service Commission of the City of New York. The Housing Authority thereupon terminated petitioner’s services as of May 29, 1969, the date of his last performance of duty prior to suspension, and so notified petitioner by letter of July 31,1969.
It is petitioner’s contention that his status as an appointee from the special military list under subdivision 7 of section 247 of the Military Law, with seniority dating back to July 1, 1968, the date of the first appointment from the eligible list, also affords him immunity from discharge for unsatisfactory service during the probationary period, unless it be proved upon a hearing of the charges of delinquency.
Subdivision 7 of section 247 of the Military Law makes no mention of conferring on civil service appointees within the ambit of its embrace, any immunity from the operations of the standard probationary process, nor any special status as a probationer, or greater rights during the probationary period than are vouchsafed appointees not within its embrace. Unfortunately petitioner’s honorable military service affords him no *308 special privileges or immunities at all in this limited area of civil service procedures. (See Silverman v. Taylor, 270 App. Div. 1040.) The section upon which petitioner relies clearly applies only in those situations where seniority, measured by date of appointment, affects persons appointed from the same list vis-a-vis each other, on the question of which shall have priority in cases of promotion to higher positions or which shall have later deferment in case of layoffs by reason of abolition of positions or demotions by reason of reduction of grades.
The act of the trial officer in notifying petitioner of a hearing, to which he was not otherwise entitled, was obviously an oversight and purely gratuitous and without legal effect to confer such right.
Unlike Goldberg v. Kelly (397 U. S. 254), on the facts and the law in this case, it cannot be said that petitioner was not afforded procedural due process in accordance with the provisions of the Civil Service Law and the rules and regulations duly promulgated thereunder. (Civil Service Law, § 63; Rules N. Y. City Civ. Serv. Comm., rule 5.2.4. (a); see Matter of Willcox v. Stern, 18 N Y 2d 195, 203.)
The motion of respondents is granted and judgment is given dismissing the petition.