■  IMOGENE LIVINGSTON, Respondent, v. BERTHA KAUFMAN et al., Defendants, and ALBERT RAVITZ, Appellant.— Order, Supreme Court, Bronx County, entered on December 19, 1973, granting plaintiff's motion to restore this personal injury action to the Trial Calendar, unanimously modified, in the exercise of discretion, by adding thereto a provision imposing $250 costs on plaintiff's attorneys, payable to defendant-appellant, Ravitz, and, as so modified, the order is affirmed, without costs and without disbursements.  Plaintiff's attorneys failed to timely serve and file a statement of readiness herein and failed thereafter to promptly move to restore this action to the calendar.  Under the circumstances it was an improper exercise of discretion to grant the plaintiff's motion without the imposition of suitable terms (*Moran* v. *Rynar*, 39 A D 2d 718; *Davies* v. *Arno Serv. Co.*, N. Y. L. J., March 18, 1974, p. 16, col. 1).  Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■  FRANCIS FIELDING, Respondent, v. S. KLEIN DEPARTMENT STORES, INC., et al., Appellants.— Order, Supreme Court, New York County, entered May 3, 1972, directing that plaintiff's deposition be taken on written interrogatories, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of providing that the examination of plaintiff shall be taken by written interrogatories and by oral examination in New York not less than 10 days prior to trial or, at defendants' election, by open commission. If defendants elect the latter method, the parties shall pay their respective expenses which shall be taxed as costs by the prevailing party.  The order is otherwise affirmed, without costs and without disbursements.  On the record before us it appears that plaintiff is a 70-year-old retired painter who now resides in San Diego, California.  To require his appearance now for pretrial disclosure would be burdensome.  The alternatives provided should, in our opinion, meet defendants' needs without creating any undue hardship to plaintiff.  Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■  In the Matter of FRANK LAROCCA, Respondent, v. HARRY I. BRONSTEIN et al., as Members of the Civil Service Commission of the City of New York, et al., Appellants.— Judgment, Supreme Court, New York County, entered on or about July 17, 1973, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the petition dismissed. Petitioner brought this proceeding pursuant to article 78 to require respondent Civil Service Commission to grant him veteran's credit on a civil service promotional examination.  Petitioner was a member of the United States Naval Reserve in a time of war.  His sole tour of active duty was the period May 8, 1963 to November 7, 1963, when he was on active duty for training.  Active duty for training does not qualify one for veteran's preference credits under section 85 of the Civil Service Law (*Matter of Rahill* v. *Bronstein*, 32 N Y 2d 417).  Special Term ruled that the six-month training period constituted a disruption of civilian life and hence qualified petitioner for credit.  This alone is not sufficient.  Concur — Markewich, J. P., Murphy, Lupiano and Steuer, JJ.  [74 Misc 2d 488.]