(April 22, 1975)

■ In the Matter of JEROLD H. BERMAN et al., Petitioners, v EDWARD THOMPSON, as Administrative Judge of the Supreme Court of the State of New York, et al., Respondents.—Proceeding withdrawn as moot, without costs. Concur—Stevens, P. J., Markewich, Lupiano, Tilzer and Capozzoli, JJ.

■ HELEN CICHOREK et al., Respondents, v JOSEPH V. COSGROVE, Appellant.—Order, Supreme Court, Bronx County, entered in this malpractice action on November 19, 1974, granting plaintiffs' motion to restore this action to the calendar, modified, in the exercise of discretion, by adding thereto a provision imposing $350 costs on plaintiffs' attorney, payable to defendant, and, as so modified, the order is affirmed, without costs and without disbursements. The $350 is to be paid by plaintiffs' attorney to defendant within 20 days after service of a copy of this order, with notice of entry, and, in the event that such payment is not forthcoming, an order may be entered hereon reversing the order appealed from, on the law, and in the exercise of discretion, with $40 costs and disbursements to appellant. The original neglect of plaintiffs' attorney was compounded by his failure to promptly move to restore this action to the calendar. "In such cases, we have held that an attorney's neglect or inadvertent error should not deprive his client of his day in court; and that it is proper to save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect [citing cases]" (Moran v Rynar, 39 AD2d 718, 719). Under the circumstances it was an improper exercise of discretion to grant plaintiffs' motion without the imposition of suitable terms. (Livingston v Kaufman, 44 AD2d 668.) Concur—Murphy, Tilzer and Capozzoli, JJ.; Stevens, P. J., and Lynch, J., dissent in the following memorandum by Lynch, J.: We dissent and would reverse and deny the motion to restore the action to the calendar. Neither his illnes, nor the pressure of his law practice, nor the contentiousness of opposing counsel should excuse the plaintiff's attorney's failure to prosecute this action in which the summons was served in June, 1963, in which examinations before trial have been adjourned 24 times, the case adjourned on the calendar call 33 times and, when a motion to restore the case to the calendar was denied for failure to supply an affidavit of merits, 34 months were allowed to elapse before the motion was renewed.