Raymond J. GALLAGHER, Plaintiff,

v.

Michael J. CODD, Police Commissioner,
City of New York, et al., Defendants.

No. 75 Civ. 5164 (MP).

United States District Court,
S. D. New York.

Feb. 17, 1976.

Samuel Resnicoff, New York City, for plaintiff.

W. Bernard Richland, New York City Corp. Counsel, for defendants, by Gregory D. Frost, New York City.

POLLACK, District Judge.

Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) Fed.R. Civ.P. for failure to state a claim upon which relief may be granted. Inasmuch as the defendants have submitted "matters outside the pleadings" along with their motion papers, their motion may be treated as one for summary judgment pursuant to Rule 12(b). Plaintiff, in turn, has filed a motion for summary judgment in his favor.

A Vietnam veteran and a former transit policeman for the City of New York, plaintiff claims that his due process and equal protection rights have been violated by the New York City Police Department's dismissal of him.

Plaintiff is an honorably discharged veteran who suffers from a 30 per cent disability as a result of injuries he received during the Vietnam War. In April of 1970, he took the competitive examinations for transit and regular policemen and received the passing grade of 90 per cent on each. He was appointed a transit patrolman on April 2, 1972, served his requisite one year probation and was subsequently appointed to a permanent position.

On September 27, 1974, he resigned from the transit police to take a position with the regular New York City Police Department. On June 30, 1975, he was terminated by the police department without notice of charges or a hearing.

This termination was not disciplinary, but was effected pursuant to New York Civil Service Law § 80(1), which provides, in relevant part, that

> [n]otwithstanding the provisions of this subdivision . . . upon the abolition or reduction of positions in the competitive class, incumbents holding the same or similar positions who have not completed their probationary service shall be suspended or demoted, as the case may be, before any permanent incumbents, and among such probationary employees the order of suspension or demotion shall be determined as if such employees were permanent incumbents.

The complaint in this action asserts that it was a breach of plaintiff's due process and equal protection rights for the New York City Police Department to treat plaintiff as a probationer when he had served as a transit department patrolman for much longer than the requisite one year probationary period.

It seeks a declaratory judgment that defendants have violated plaintiff's constitutional rights and that New York Civil Service Law § 63, New York City Administrative Code § 434a–8.0, and Civil Service Commission Rules and Regulations 5.2.1(a), 5.2.3, 5.2.4(a), 5.2.4(c), 5.2.6, 5.2.7, 5.2.9, E.24.3 and E.24.4 are unconstitutional.

The complaint also seeks damages of $50,000, counsel fees, orders directing defendants to reinstate plaintiff and recognize his prior service as a transit patrolman, and the convocation of a three-judge court.

However, in his motion papers and in argument in open Court plaintiff has withdrawn any direct attack on § 63 and his request for a three-judge court. Plaintiff's new theory is that, through the New York City Administrative Code section, the Civil Service Regulations and the acts of the police department, § 63 (which provides generally for probationary periods of civil service employment) has been unconstitutionally applied in this case.

In addition, the plaintiff's moving papers assert that the police department improperly failed to give plaintiff the sixty month additional seniority, or "preference," to which he was entitled as a disabled veteran under New York Civil Service Law § 85(7). While the complaint notes that plaintiff is a disabled veteran, it does not assert a violation of this statute or of the Constitution as a result of the breach of that statute.

Section 434a–8.0 of the Administrative Code of the City of New York provides that

> (b) [p]reliminary to a permanent appointment as patrolman there shall be a period of probation for such time as is fixed by the civil service rules, and permanent appointments shall only be made after the required probationary period has been served . . . .

Under the relevant provision of the Civil Service Commission Rules and Regulations, § E.24.3,

> [t]he probationary term for patrolman and policewoman in the police department, transit patrolman and transit policewoman in the transit authority and housing patrolman in the housing authority shall be one year.

The statutes, regulations and Code provisions involved and the materials given to plaintiff during his 36 weeks in the Police Academy indicate without exception that all regular policemen are expected to serve a year's probation before being appointed to a permanent position.

While seniority may be transferred from one city job to another under New York Civil Service Law § 80(1), the above-quoted language from that statute makes it plain that any transfer of seniority in the case of a probationer is, at most, effective only as against his fellow probationers and will not be applied as against those who have received permanent appointments.

There is clearly a rational basis for requiring even former transit policemen to serve one year's probation as regular policemen before being given permanent positions with the force. As pointed out in defendants' papers, the positions of transit policeman and regular policeman require considerably different training and skills and the problems faced by the regular policeman are significantly more varied than those of the transit policeman.

All parties to this suit are seeking a resolution of their dispute by this single-judge court. The best reason for acceding to the parties' request that a three-judge court not be convened is that plaintiff's claims are "essentially frivolous," "wholly insubstantial," *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962), and "obviously without merit," *Ex Parte Poresky,* 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933).[1]

As noted hereafter, plaintiff's assertion of a property interest cognizable under the Due Process Clause is dubious at best under *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971) and *Russell v. Hodges,* 470 F.2d 212 (2d Cir.1972). His equal protection argument seems equally unavailing.

Under the Due Process Clause, one's " 'property' interest in employment [is] created and defined by the terms of his appointment." *Board of Regents v. Roth, supra.* Although the courts will find a property interest within the protection of the Due Process Clause when there exists a *"de facto* tenure system" in a public job, *Roth, supra; Russell v. Hodges, supra;* the finding of such an interest is governed by state law, not the Constitution.

Plaintiff acknowledges that his termination was solely a function of financial cut-backs in the police budget and he makes no claim that he received any suggestion, formal or informal, from the

---

1. Defendants also argue that a three-judge court is not required because plaintiff is, at most, attacking a local application of a state-wide statute. They claim that such claims are not within the purview of the three-judge court statute, 28 U.S.C. § 2281, citing *Board of Regents v. New Left Education Project,* 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972).

While it is true that an attack on a statute or regulation of only local impact requires only the convening of a single-judge court, *New Left Education Project, supra,* it is not at all clear that a single judge court will suffice when a statute or regulation of state-wide application is attacked as applied, *Steffel v. Thompson,* 415 U.S. 452, 457 n. 7, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Phillips v. United States,* 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); Nielsen, J., *Three-Judge Courts,* 66 F.R.D. 495, 505 (1975). At all events, the Court's decision on the substantiality issue makes it unnecessary to reach this issue.

police department that he would not have to serve a second probation. Thus, his due process claim becomes very weak indeed.

Given such admissions, this case seems clearly to be one in which plaintiff's interest in employment, his purported assumption that his first satisfaction of the probation requirement would carry over to his new job with the regular police, was "merely subjective" and "unilateral," *Roth, supra,* in light of the "mutually explicit understandings" between plaintiff and the department to the contrary, *Perry v. Sinderman,* 408 U.S. 593, 601–3, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1971).

■ There being no indication from plaintiff that his expectation of tenure rights within the regular police force was based on anything other than his own assumptions, the due process portion of his complaint must be dismissed.

With respect to plaintiff's claim that he was unconstitutionally denied his rights to a "preference" under § 85(7), this Court must decide whether the State intended that the requirement of probationary employment under § 63 be abrogated in the case of veterans. It must further consider whether this alleged abrogation of § 63 would interrupt the scheme for terminations established by § 80(1).

In determining the purpose of § 85(7), it is helpful to consider the purpose behind the entire statutory and state constitutional scheme providing preferences in appointment and seniority to veterans. *See Larocca v. Bronstein,* 74 Misc.2d 488, 346 N.Y.S.2d 51, 54 (Sup.Ct.N.Y.County 1973), *reversed on other grounds,* 44 A.D.2d 668, 354 N.Y.S.2d 437 (1st Dept. 1974).

The New York Courts have declared, in cases dealing with the New York Constitution, Art. 5, § 6 (which provides for preferences in the appointment of veterans), that the preferential treatment of veterans does not exempt them from demonstrating their merit and fitness during a probationary period. *Silverman v. Taylor,* 270 App.Div. 1040, 63 N.Y.S.2d

193 (2d Dept.), *appeal denied,* 271 App. Div. 827, 66 N.Y.S.2d 418 (2d Dept.), *appeal dismissed,* 296 N.Y. 827, 72 N.E.2d 17 (1946); *Losee v. Wallace,* 259 App. Div. 722, 18 N.Y.S.2d 16 (2d Dept.), *appeal denied,* 259 App.Div. 817, 19 N.Y. S.2d 771 (2d Dept.1940).

A careful reading of §§ 85(7) and 80(1) of the Civil Service Law makes the same conclusion applicable to this case. Under § 85(7), "in the event of the abolition or elimination of any *position* " [emphasis added] terminations are to begin with those least senior, except that disabled veterans are deemed to have been appointed sixty months earlier than their "original date of appointment." On the other hand, § 80(1) provides that probationers are to be terminated before permanent incumbents, but the order of suspension of probationers is to be computed in the same manner as the order of suspension of permanent incumbents.

■ By the latter provision, the draftsmen of the Civil Service Law have clearly established a "position" for probationers entirely distinct from that of permanent incumbents for the purposes of terminations. Therefore, disabled veterans serving as probationary policemen enjoy preferred status under § 85(7) solely in relation to other probationers who are the only incumbent policemen "holding the same or similar positions" under § 80(1). The general observation of the New York courts that veterans are required to serve probation despite the preferences they enjoy controls this case.

■ Since plaintiff makes no claim that he was not accorded his "preference" under § 85(7) as against his fellow probationers, his argument that he has been unfairly denied his preference is unavailing and he has no claim under either the Civil Service Law or the United States Constitution.

■ In support of his equal protection claim, plaintiff has not contended, and this Court can find no basis for concluding, that he is a member of a "suspect class" or has been denied a "fundamen-

tal right" as a result of his dismissal. Therefore, the State need only show that there is a rational relationship between some legitimate governmental interest and the governmental mandate giving rise to plaintiff's dismissal in order to withstand his equal protection arguments. *See generally, Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); *Shapiro v. Thompson,* 394 U.S. 618, 658–663, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (Harlan, J., dissenting); *Russell, supra.*

As previously noted, there are clear and reasonable grounds for requiring each and every regular policeman, without regard to previous experience, to serve a probationary term of employment. Such a policy is rationally related to the governmental interest in the maintenance of a well-trained and competent police force. Its implementation in the case of a former transit policeman is no grounds for finding a violation of the Equal Protection Clause of the Fourteenth Amendment.

Accordingly, there is no need for a three-judge court, the motion to dismiss under Rule 12(b)(6) Fed.R.Civ.P. is treated as a motion for summary judgment under Rule 56 Fed.R.Civ.P., and, there being no genuine issue of material fact presented, the motion of defendants is granted and the motion of plaintiff is denied.

Complaint Dismissed.

So ordered.