■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estates of FAMUEL DIAS DE SOUZA and Others, Deceased, Respondent, v FROTA OCEANICA BRASILEIRA, S. A., et al., Appellants, et al., Defendant.—Orders of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on May 22, 1987, which granted plaintiff's motions for protective orders against depositions of the "widows" to the extent of permitting defendants to depose said "widows" within one week prior to trial, or on open commission, is unanimously affirmed, without costs or disbursements.

In this consolidated action, defendants (except defendant Ossa) sought to depose the widows of various Uruguayan seamen whose estates, represented by the Public Administrator, commenced actions in New York County seeking damages under, *inter alia,* the Jones Act (45 USC Appendix § 688) and the general maritime law of the United States. In view of the presence of the various widows in Uruguay, and the attendant hardship that would result from requiring them to be deposed in this State, the Supreme Court did not abuse its discretion in granting a protective order on the terms set forth *(Fielding v Klein Dept. Stores,* 44 AD2d 668). Considering the clear necessity of the testimony sought, the result would be the same whether the widows are considered parties or nonparty witnesses. Further, any procedural irregularity in proceeding by notice of deposition is not before this court in the absence of a cross appeal. Concur—Kupferman, J. P., Carro, Milonas and Kassal, JJ.