(74 App. Div. 246.)

PEOPLE ex rel. O'GRADY v. LOW, Mayor, et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CIVIL SERVICE—EMPLOYE OF NEW YORK—PROBATIONARY TERM—COMMENCEMENT.

    Relator, after passing a competitive examination, was appointed by the board of City Record of New York a bookbinder in the office of the City Record, by resolution passed November 13, 1901, and commenced work November 18th. On February 17, 1902, the board passed a resolution ordering his dismissal at the end of his probationary term of three months, and he was so notified the same day. Rule 33 of the civil service rules of the city provides that every original employment to any position in the competitive class shall be for a probationary term of three months, and retention of such employé after the end of such term shall be equivalent to his permanent employment, but that if his conduct, capacity, or fitness be not satisfactory, he may be discharged at the end of such time. *Held*, that the term commenced when the appointee commenced work, and not with the date of the resolution appointing him, and that relator's discharge occurred on the last day of his probationary term.

Appeal from special term, New York county.

Mandamus by the people, on relation of David O'Grady, against Seth Low, as mayor, and others, constituting the board of City Record of the city of New York. From an order granting a peremptory writ, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Theodore Connoly, for appellants.

Elek John Ludvigh, for respondent.

INGRAHAM, J. The relator presented to the supreme court a petition stating that, after having passed a competitive examination, he was appointed by the board of City Record of the city of New York a bookbinder in the office of the City Record. This resolution appointing the relator was passed on the 13th day of November, 1901, "said appointment to take effect on and after November 14, 1901," and it appeared that the relator commenced work under this appointment on the 18th of November, 1901.

By rule 35 of the municipal civil service rules of the city of New York, it is provided that:

"Every original appointment to or employment in any position in the competitive class shall be made for a probationary term of three months, and an appointing or nominating officer, in notifying the person certified to him for employment, shall specify the same as for a probationary term only; and if the conduct and fitness of the probationer are satisfactory to the appointing officer, his retention in the service after the end of such term shall be equivalent to his permanent appointment, but if his conduct, capacity or fitness be not satisfactory, he may be discharged at the end of such term without regard to the provisions of rule 42, limiting the power of removal."

It further appeared that the conduct and services of the relator were not satisfactory; that on the 17th day of February, 1902, a resolution was passed by the board of City Record of the city of New York ordering the relator's dismissal at the end of his probationary term of three months, and upon the same day notice thereof was given to the relator. The relator claims that his term of service commenced on the 14th of November, 1901, and, his probationary term having expired, his retention in office beyond that time was equivalent to a permanent appointment, and thenceforth he could only be removed as provided for by rule 42 of the municipal civil service rules.

We think the court below incorrectly determined that the period of the relator's employment commenced from the date of his appointment. On the contrary, we think that it began when he commenced work under his appointment, and not from the date specified in the resolution appointing him. The relator did not hold a public office. He was an employé of the city, and his appointment was to take effect "on and after November 14th." His term of employment commenced when he accepted the appointment, by actually entering into the service of the city. The object of this probationary period is "to enable the head of the department who has made the appointment not only to ascertain the fitness of the pro-

bationer, but to learn whether, on the whole, he is a satisfactory and agreeable person to have serve in the position, and one who will become a reasonably efficient officer," and also to enable the appointee to familiarize himself with the duties of his employment, so that, after becoming acquainted with them, he will be able to perform them. People v. Kearney, 49 App. Div. 125, 62 N. Y. Supp. 1097, affirmed in 164 N. Y. 64, 58 N. E. 14. And it was held in that case that both the appointing officer and the appointee were entitled to the whole of the probationary period,—the one to determine whether the appointee would make a competent and efficient employé; and the other, to demonstrate that fact to the appointing officer. To accomplish this result, it is quite evident that the period must be actually spent in the service of the city, and must therefore run, not from the time when the appointing power indicates to the appointee that he is to have the position, but from the time the employé actually commenced his work under his appointment. The rule provides that every original appointment to or employment in any position in the competitive class shall be made after a probationary term of three months. The term of an employé commences from the time of his employment, and his employment commences when he actually commences work under the appointment. His discharge on February 17th, assuming that the probationary term commenced on the 18th, was proper; for that was upon the last day of the term, and the proper time for the appointing power to act.

It follows that the order appealed from should be reversed, and the application denied, with $50 costs and disbursements. All concur.