THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT E. BISSETT, Respondent, v. BIRD S. COLER, as Commissioner of the Department of Public Charities of the City of New York, Appellant.

Second Department, July 21, 1922.

Civil service — city of New York — mandamus to compel reinstatement after dismissal at end of probationary term — copy of report annexed to return showed that relator failed to report for duty for nine days after appointment — said report not part of pleading binding defendant — no issue raised that relator was not allowed to serve full probationary period — error to reinstate relator on ground that full probationary period had not been served.

On the return to a peremptory mandamus order which was applied for to compel the reinstatement of the relator who was dismissed at the end of the probationary period on the ground that his work was not satisfactory, it appeared, by a report annexed to the return, which report was filed to show that the relator's work had been unsatisfactory, that he did not report for work for nine days after the date of his appointment. No claim was made that the relator was not permitted to serve the full probationary period.

*Held*, that the recital contained in the report annexed to the return was not a part of the pleading so as to conclude the defendant and it was error for the court to order the reinstatement of the relator upon the ground that he had not been permitted to serve his full probationary period.

The parties are entitled to have the proceedings decided upon the questions litigated and the assertion in the exhibit annexed to the return is not a sufficient basis for disregarding all the proceedings had herein and reinstating the relator to his position.

APPEAL by the defendant, Bird S. Coler, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 25th day of October, 1921, granting relator's motion for a final order of mandamus.

*Joseph P. Reilly* [*John P. O'Brien*, Corporation Counsel, and *William B. Carswell* with him on the brief], for the appellant.

*Joseph A. McNamara* [*Denis R. O'Brien* with him on the brief], for the respondent.

JAYCOX, J.:

The relator applied for and obtained an alternative writ of mandamus. Upon the writ so obtained issue was joined and the

questions of fact arising thereon were tried before a jury. After said trial the relator moved for a peremptory writ of mandamus. In so far as this motion was based upon the findings of the jury, it was denied, but the court came to the conclusion that the writ and the return thereto showed conclusively that the relator had not been permitted to serve the full probationary term of three months, as required by rule 11 of the Municipal Civil Service Rules. The relator, at the time of his appointment for a probationary term, was in the service of the department of charities as a stable foreman. After reciting these facts, the writ continues: " IX. That relator continuously served in such position until on or about February 20, 1917, when as a result of a competitive examination he was again appointed from an eligible list to the position of Deputy Superintendent * * * and served there until on or about May 19, 1917." The writ further shows that the relator was appointed to said position for the probationary term of three months and that on the 19th of May, 1917, he received a notice from the acting commissioner of the department of public charities that his services as deputy lay superintendent at the New York City Farm Colony had proved unsatisfactory and would be discontinued at the end of the probationary period.

The writ further states that on or about the 5th of May, 1917, and exactly two weeks prior to the termination of the relator's period of probation, he received a certain letter praising his services, his capacity and trustworthiness. These allegations as to the commencement and termination of the relator's probationary period of employment were not denied by the return. The defendant, however, sought to justify the discharge of the relator and for that purpose set forth in the return that the director of the Sea View Hospital and New York City Farm Colony, the immediate superior of the relator, had made reports concerning the relator which were unfavorable and that a report of that character was annexed to the return and marked Exhibit 1. In this exhibit it is recited as one of the respects in which the relator's conduct had been unsatisfactory, that, " Although appointed February 20th, 1917, as Deputy Superintendent, Mr. Bissett did not report for duty until March 1st." The relator has been reinstated upon the ground that it appears from this recital in the complaint made against him that he has not been permitted to serve the full probationary period (See *Matter of O'Grady* v. *Low,* 74 App. Div. 246) and that his dismissal was, therefore, unlawful. (*People ex rel. Kastor* v. *Kearny,* 164 N. Y. 64.)

I am of the opinion that this recital is not a part of the pleading so as to conclude the defendant. The relator stated the date

of his appointment and the date when his probationary period would expire, and upon this the defendant did not take issue. Instead, the defendant admitted that the period of the probation recited in the writ was correct but endeavored to justify the relator's discharge upon the ground that the relator had neglected his duties and for this purpose he set forth the complaint which had been made against the relator. The purpose of the defendant was not to show a different time for the commencement of the relator's services, but to show that he neglected to perform the duties for which he was engaged. The jury, by its finding, has decided that the relator was guilty of no such neglect of duty, and, although this question was not in issue and not directly submitted to the jury, their finding was to the effect that the relator did not fail to report upon the date when his employment began. The writ gave no notice to the defendant that it would be claimed that the relator was not permitted to serve the full probationary period. No such contention was made upon the trial and no such question was presented to the jury. Even upon the motion for the peremptory writ this claim was not advanced by the relator but was a fact which the learned court at Special Term thought conclusively appeared from the pleadings. In this I think he was in error. Issues of this character upon which decisions of the court are based should conclusively and positively appear and should be the subject of the litigation and be passed upon by the jury, so that the result of the proceeding shall not depend upon the incidental discovery of an assertion of this character in an exhibit. The parties are entitled to have the proceeding decided upon the questions litigated, and this assertion in the exhibit annexed to the return is not a sufficient basis for disregarding all the proceedings had herein and reinstating the relator in his position. I think this involves no hardship to the relator, for it is impossible to believe that if the relator's period of probation had been reduced by more than two weeks from the period to which he knew he was entitled and which he several times referred to in the alternative writ, he would not have made a claim for reinstatement upon that ground.

I advise that the final order appealed from be reversed on the law, and the motion denied, without costs.

BLACKMAR, P. J., RICH, KELLY and YOUNG, JJ., concur.

Final order reversed on the law, and motion denied, without costs.