James B. M. McNally, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review the dismissal of the petitioner from his position of patrolman, police department, effective July 31, 1955.
The petitioner alleges, and it is not denied, that he is an honorably discharged veteran of World War II who served in the southwest Pacific theatre of operations and was honorably cited for such service on at least three occasions. After successfully competing in a written examination and a thorough investigation of the petitioner’s background police record, employment activities and medical history, he was duly certified as qualified for the position of patrolman. On February 1, 1955 petitioner was duly appointed a probationary patrolman by the police commissioner. Thereafter, the precise date being in *84 dispute, petitioner received a letter of termination of his appointment dated July 30, 1955 reading in part as follows:
1 ‘ As the result of report from the Medical and Surgical Bureau of this Department, you are hereby notified that the Police Commissioner of the City of New York, has decided not to retain you as an employee of the Police Department of the City of New York after the expiration of your probationary period of service. * * *
“ Effective midnight, July 31, 1955, therefore, your services in the Police Department of the City of New York will be terminated.”
Petitioner alleges and contends that his summary dismissal by the police commissioner was untimely and in addition was arbitrary and capricious. Paragraph Eighteenth of the petition alleges that on August 1, 1955, at about 11:40 p.m., the petitioner was personally served with the letter dated July 30, 1955 terminating his services. The said allegation of the petition is denied by the respondents who submit in support of their answer the affidavit of Lieutenant Brendan J. 0 ’Sullivan verifying the service of the said notice to the petitioner on July 31, 1955 between 11:30 p.m. and midnight.
Rule V (§ VIII, subd. 3, par. [a]) of the Rules and Regulations of the City Civil Service Commission provides in part: “ There shall be a probationary period of six months for all permanent appointments * * *. At the end of such probationary period or periods the appointing officer may terminate the employment of any unsatisfactory employee by notice to the employee ”.
It has been held that the proper time for termination of a probationary term is the last day of the term (Matter of O’Grady v. Low, 74 App. Div. 246). Respondents argue that the petitioner ’s probationary term ended August 1,1955. In support of this contention the respondents cite section 30 of the General Construction Law which provides: “A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made
The vice of the said contention of the respondents is that the probationary period provided for by the commission rule is six months, without the limitation of ‘ ‘ after or before a certain day ” contained in section 30 of the General Construction Law. The argument might be tenable if the term of probation speci *85 fied was “ six months after the date of appointment ”, which is not the provision with which we are presently concerned.
In Matter of O’Grady v. Low (supra) the court had before it for determination the method of computing a probationary term. The underlying rule of the commission there involved was similar to the rule presently under consideration, for the probationary term there provided was “ for a probationary term of three months ”. The probationer there commenced his service on November 18, 1901. At page 248 the court there said: “ The term of an employee commences from the time of his employment, and his employment commences when he actually commences work under the appointment. His discharge on February seventeenth, assuming that the probationary term commenced on the eighteenth of November, was proper, for that was upon the last day of the term and the proper time for the appointing power to act.”
On a number of occasions since Matter of O’Grady v. Low the courts have had occasion to determine, albeit without discussion, that the probationary term commences on the date of appointment and terminates six months hence, computed by including in the computation the day of appointment.
In Matter of Silverman v. Taylor (270 App. Div. 1040) petitioner was appointed April 17, 1945 and the end of the probationary period of three months was held to be July 16, 1945. In Matter of Maynard v. Monaghan (284 App. Div. 280) the probationary period of six months in respect of a patrolman appointed October 3, 1951 was held to have terminated on April 2,1952. Similarly, in Matter of Cannon v. Adams (141 N. Y. S. 2d 230) the probationary term of six months of a patrolman which commenced on November 30,1953 was held to have terminated May 29, 1954. The respondents have not cited to this court any case holding that a probationary term, such as the petitioner’s, is to be computed with reference to section 30 of the General Construction Law. Moreover, in the instant proceeding the commissioner specified the date of termination in the notice served upon the petitioner to be July 31, 1955 which confirms the practice of the police department to include the date of appointment when computing the term of probation.
The respondents also argue alternatively that if the probationary period ended on July 31, 1955 the commissioner could notify the petitioner of the termination of his appointment on August 1, 1955 because the former date fell on a Sunday. In support of this argument the respondents cite section 25-a of the General Construction Law which provides: “ When any period of time, computed from a certain day, within which or *86 after which or before which an act is authorized or required to be done, ends on a Sunday * * * such act may be done on the next succeeding business day”.
This contention disregards the provision for the exercise of the right to terminate which is ‘ ‘ At the end of such probationary period * * * the appointing officer may terminate ”. As has been demonstrated July 31, 1955 was the end of the probationary period and that end was in no way affected or extended by section 25-a of the General Construction Law. Consequently, it was incumbent on the commissioner to terminate the appointment, if at all, on July 31, 1955.
Petitioner’s claim that the termination was arbitrary and capricious and not because he was found to be “ unsatisfactory ” is predicated upon the undisputed fact that he was found physically fit prior to appointment by the commission substantiated by his demonstrated capacity to perform the arduous activities as a member of the armed forces. He submits the certification of his physician that he does not suffer from hypertension. He also alleges that on the two occasions he was examined by the medical bureau of the police department, the symptoms of hypertension, if they were present, were referable to unusual physical and emotional strain consequent upon certain events described in his reply.
An appointing officer has a broad degree of discretion in determining whether to make permanent a probationary appointee. However, this discretion is not unbounded. It is required to be related to a finding that the employee is unsatisfactory. Consequently, it may not be arbitrary. Where, as here, the appointing officer grounds the termination on a factor which was considered and resolved in favor of the probationer by the commission, there is firm basis for a review of the discretion exercised by the appointing officer upon termination. The petitioner alleges his good health prior to his appointment, a finding to that effect by the commission and in addition submits proof of his present good health as well as an explanation for the symptoms found by the medical bureau of the police department indicative of hypertension.
The court is of the opinion that under these circumstances a review of the discretion exercised by the commissioner upon termination of the petitioner’s appointment is warranted (Matter of Maynard v. Monaghan, supra; Matter of Hamilton v. Monaghan, 285 App. Div. 692; Matter of Alliano v. Adams, 140 N. Y. S. 2d 443; Matter of Cannon v. Adams, supra). Accordingly, a trial is directed pursuant to section 1295 of the Civil Practice Act as to the following: (1) Whether notice of termina *87 tion of Ms appointment was served upon the petitioner on July 31, 1955 and (2) Whether the finding of “unsatisfactory employee ” in respect of the petitioner was arbitrary or capricious.
Settle order.