WILLIAM F. HABERMAN, Respondent, v MICHAEL J. CODD, as Police Commissioner of the New York City Police Department, et al., Appellants.

First Department, July 10, 1975

*Martin H. Selman* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for appellants.

*Joseph W. Allen* for respondent.

*Per Curiam.* In this article 78 proceeding seeking restoration of petitioner's employment as a probationary police officer, respondents appeal by leave of a Justice of this court,

from an order (incorrectly entitled "Judgment") (QUINN, J.), entered in New York County on October 4, 1974, which granted the petition to the extent of remanding this matter to the respondents for further proceedings in compliance with subdivision (c) of rule 5.2.4 and regulation E.24.4 of the Civil Service Rules and Regulations of the New York City Civil Service Commission and denied respondents' cross motion to dismiss the petition.

The petition alleges and it is undisputed that petitioner was appointed in the competitive class as a probationary patrolman on January 29, 1973; that he successfully completed his Police Academy training and was thereafter assigned to precinct field duty where he apparently performed all his duties in a satisfactory manner. On October 24, 1973, he was notified that his services as a probationary patrolman were being terminated effective October 26, 1973, and his appointment was in fact terminated on that day. The petition further alleges that petitioner's termination was arbitrary and in violation of his constitutional and statutory rights in that he was not given sufficient prior notice, nor a hearing, nor an opportunity to present evidence in his behalf, and that his dismissal denied him the right to be gainfully employed in his chosen occupation. Special Term read subdivision (c) of rule 5.2.4, and regulation E.24.4 of the Civil Service Rules and Regulations together and held that petitioner could not have been lawfully dismissed before the expiration of his probationary period, unless the City Personnel Director was shown evidence of a basis for such dismissal and that evidence satisfied him that the probationer's services were unsatisfactory. The court found that neither the Police Commissioner nor the City Personnel Director indicated that any showing was made of unsatisfactory service or that any such showing was sufficient to satisfy the director of the reasonableness of the dismissal. Respondents appeal and argue that petitioner fails to state a cause of action entitling him to relief since his dismissal during his probationary period was clearly authorized by subdivision (c) of rule 5.2.4 which has the force of law and is expressly made controlling over a regulation.

Subdivision (c) of rule 5.2.4 states in pertinent part: "[T]he appointing officer may terminate the employment of any probationer whose conduct and performance is not satisfactory after the completion of a minimum period of probationary service and before the completion of his maximum period of

probationary service by notice to the said probationer and to the director [of personnel]. The specified minimum period of probationary service, unless otherwise set forth in the terms and conditions of the certification for appointment or promotion as determined by the director, shall be (a) two months for every appointment to a position in the competitive or labor class".

Regulation E.24.4 provides: "Upon showing to the satisfaction of the director that the services of a probationer have been unsatisfactory, an appointing officer may terminate the employment of such probationer at any time during the probationary period by notice to him and to the director."

The issue presented is whether a probationary policeman may be terminated after completing at least the minimum service of two months, but less than his one-year probationary period without reason and without being afforded a hearing.

It is well established that absent a statutory requirement, one who is terminated during a probationary period is not entitled to a hearing and may be dismissed without a reason being given for his removal. (See *Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1,* 34 NY2d 318; *Matter of Going v Kennedy,* 5 AD2d 173, affd 5 NY2d 900.) Here we have a rule (5.2.4, subd [c]), which makes no provision for a hearing, calling merely for notice by the Police Commissioner to the probationer and the Director of Personnel. The distinction between this rule and regulation E.24.4 is clear. The rule clearly permits termination of a probationer without reason or hearing from the end of the two-mouth minimum probationary period to the end of the one-year probationary period, whereas the regulation permits termination during the first two months of the probationary period, but only upon a satisfactory showing that the probationer's services are unsatisfactory. Rule I of the Rules and Regulations of the City Civil Service Commission defines "Regulation" as "a resolution of the commission setting forth policy or procedures for the effectuation of the provisions of the civil service law of the State of New York and the rules of the commission, *which shall not be inconsistent with or supersede the civil service law or the rules."* (Emphasis supplied.) Rule 2.5 provides that "[t]he commission shall have power to adopt suitable regulations to carry out the provisions of the civil service law and the rules," while rule 2.6 states, "These rules shall have the force and effect of law." Thus, in the case of any ambiguity or

inconsistency, the rule rather than the regulation must control. However, given a fair reading, the rule and regulation complement each other.

In reviewing the Police Commissioner's action, the sole requirement is that the officer exercising the authority act in good faith. The burden of presenting legal and competent evidence to show a deprivation of petitioner's rights or bad faith or other arbitrary action constituting· an abuse of the commissioner's discretion must be borne by petitioner. (Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1, 34 NY2d 318, 323, supra.) On the record presented petitioner makes no such showing.

Accordingly, the order appealed from should be reversed, on the law, and respondents' motion to dismiss the petition granted without costs. Respondents' appeal from the order (QUINN, J.) entered August 28, 1974 denying their motion for reargument is dismissed as not appealable.

STEVENS, P. J., KUPFERMAN, MURPHY, TILZER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on October 4, 1974, unanimously reversed, on the law, without costs and without disbursements, the application denied, and the cross motion granted and the petition dismissed.

Appeal from order, Supreme Court, New York County, entered on August 28, 1974, unanimously dismissed as not appealable.