**Walton Thomas BUCKLEY,
Plaintiff-Appellant,**

v.

**CITY OF COLLIERVILLE; Collierville Police Department; D.E. Joyner; Collierville Chief of Police; Collierville Board of Aldermen, Defendants-Appellees.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 3, 1983.

Petition to Rehear Denied Aug. 25, 1983.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 24, 1983.

Gregory S. Gallagher, Memphis, for plaintiff-appellant.

Joel Porter of Burch, Porter & Johnson, Memphis, for defendants-appellees.

TOMLIN, Judge.

The plaintiff appeals to this Court from a judgment of the Circuit Court of Shelby County, dismissing his petition for writ of certiorari. Plaintiff was employed as a police officer by the City of Collierville. He was discharged by the Chief of Police. This firing was appealed by him to the Board of Aldermen of Collierville. After a hearing, the Board sustained the action of the Police Chief. This petition for writ of certiorari was then filed. In reviewing the record of the hearing before the Board of Mayor and Aldermen, Judge James M. Tharpe found that there was material evidence to support the action of the Board. Two issues are presented by this appeal. (1) Was plaintiff a probationary employee so as to eliminate the necessity that "cause" existed in order to be dismissed by defendants? and (2) if plaintiff could only be dismissed for cause, is there any material evidence to support the Board and the trial court? We do not find it necessary to reach the second issue, for we are of the opinion that the plaintiff was a probationary employee at the time of his dismissal, thus eliminating the necessity for the showing of cause.

The plaintiff herein will be identified as "plaintiff," the City of Collierville as the "City," the Mayor and Board of Aldermen as the "Board," and the Chief of Police as the "Chief." Collierville is a municipal corporation located in Shelby County, Tennessee, governed by a Board of Mayor and Aldermen. There was no written employment contract between the City and the plaintiff. Furthermore, the City had not elected to come under the State Civil Service Act.

The plaintiff was employed as a police officer by the City on January 1, 1980. At the time of his employment, he was employed for a probationary period of one year. In other words, on January 1, 1981, if still employed by the City, he would have become a "permanent" or nonprobationary employee.

Plaintiff's probationary period was not without its problems. As the year drew to a close, the Chief of Police was faced with three alternatives—(1) to permit plaintiff to become a permanent employee; (2) to terminate the employment of the plaintiff; or (3) to extend the plaintiff's probationary period. The Chief chose the latter.

On December 23, 1980, the Chief wrote a letter, entitled "Extension of Probation," to the plaintiff. In his letter, the Chief reviewed the one-year probationary employment of plaintiff. He noted that during the period of his employment, the plaintiff had been cited several times by way of oral reprimand, written reprimand, and once by suspension. Excessive absenteeism on the part of the plaintiff was also pointed out. The Chief concluded his letter by declaring that he was extending the plaintiff's probationary period for six months, or until June 30, 1981. The letter also stated that unless plaintiff showed satisfactory improvement, he would be terminated. It is not contested that plaintiff received this letter.

There is nothing to indicate that plaintiff in any way challenged or questioned the decision of the Chief to extend his probationary period for six additional months. In the meantime, plaintiff continued his duties as a police officer for the City.

While on a routine patrol with another patrolman on March 14, 1981, at a local establishment known as the "Country Kitchen," plaintiff and his partner observed a man who appeared to be drunk. Plaintiff ordered the subject to follow him outside the premises to a public parking lot for the purpose of taking a sobriety test. Shortly thereafter, a friend of the subject came out and at least, insofar as the plaintiff was concerned, attempted to intimidate plaintiff by his conduct, so as to interfere with plaintiff's performance of his duties. After the subject's friend refused to obey plaintiff's orders, plaintiff undertook to arrest him, whereby a scuffle ensued, both in the parking lot and later at the police station.

Following the incident, the Chief made an investigation. As a result of this investigation, the Chief delivered a letter to the plaintiff, dated March 17, 1981, which, after reviewing the principal circumstances, stated in part as follows:

Therefore, I find that your actions were both unbecoming to a police officer and that you used oppressive conduct in the discharge of your duties as a police officer. I, therefore, find no alternative but to discharge you, in that oppression of citizens by police officers will not be tolerated. It is my duty to inform you that you are terminated as of this date (March 17, 1981) and if you do not concur with my decision you have the right to appeal to the Board of Mayor and Aldermen in writing within 10 days to request that they review the charges against you. If written appeal is not made within specified period of time this action will be final.

The plaintiff, through his attorney, sent a timely written request to the Board appealing his termination by the Chief. A hearing was held by the Board, and after presentation of proof by the Police Department and the plaintiff, the Board voted unanimously to uphold the Chief in his decision to fire the plaintiff. After the parties had joined issue on plaintiff's petition for writ of certiorari, by consent, this matter was submitted to the trial judge on the transcript of the record before the Board. The trial judge found that there was material evidence to sustain the action of the Board, and plaintiff's termination was affirmed.

Plaintiff contends that he was denied procedural due process, because at the hearing before the Board, the Chief was permitted to testify that he made the decision to terminate the plaintiff based upon the cumulative effect of his poor performance, the multiple incidents referred to in .the letter of December 23, 1980, extending the probationary period, and the extensive evaluation reports of January, 1981, prepared by plaintiff's superiors, along with the incident of March 14, 1981, notwithstanding the fact that the letter of March 17, 1981, only included as grounds for termination the March 14th incident. The violation of procedural due process was based upon the admission of proof, notice of which plaintiff claimed he did not have and therefore could not defend himself. Plaintiff also contends that without this alleged inadmissible evidence, there was no material evidence to support the action of the Board.

Both plaintiff and defendants rely upon a portion of the Collierville City Ordinances, specifically Sec. 1–1111, which reads in part as follows:

§ 1–1111. *Discipline and appeals.* No employee covered under this chapter who has been *permanently appointed* to a position shall be dismissed or suspended, demoted, or subjected to other discipline except for cause. (emphasis supplied).

Nowhere in the record does the plaintiff contend that he was not a probationary employee, or put conversely, that he had attained permanent status. He also fails to contend otherwise in his brief. The defendants contend that plaintiff was employed as a probationary employee, and that before the end of his probationary period of one year, the Chief extended this period by six

months. The record supports this contention.

Notwithstanding the fact that the plaintiff was a probationary employee, the notice of his termination stated that if he wished to appeal the Chief's decision to terminate him to the full Board, he could do so. A full and complete hearing was later given the plaintiff. Plaintiff contends that he was denied procedural due process in that he was not given notice of all the allegations to be placed against him.

 We are of the opinion that, being a probationary employee, plaintiff was not entitled to the same type of procedural due process that would be accorded to a permanent employee, for it is well established that absent a statutory requirement of some type, a probationary policeman has no property interest in employment and can be dismissed without a hearing and without cause. *See Haberman v. Codd,* 370 N.Y. S.2d 118, 48 A.D.2d 505 (1975); *Purdy v. Cole,* 317 So.2d 820 (Fla.Dist.Ct.App.1975). In other words, plaintiff actually received more than he was entitled to as a probationary policeman—(1) some reason was given for his removal; and (2) he was given a hearing by the full Board of the City. Under the circumstances, he has no cause to complain.

In light of our holding on this issue, there is no reason for further consideration of the second issue presented by this appeal. The judgment of the trial court is affirmed. Costs in this cause are taxed to the plaintiff, for which execution may issue, if necessary.

CRAWFORD and HIGHERS, JJ., concur.