■ In the Matter of ALDERIC VAILLANCOURT, Respondent, v NEW YORK STATE LIQUOR AUTHORITY et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Edith Miller, J.), entered June 6, 1988, which annulled a determination of respondent terminating his employment as a probationary employee and directing his reinstatement with back pay, unanimously reversed, on the law, without costs, the petition dismissed and the determination of respondent agency reinstated.

The facts of this matter are not in dispute. Petitioner, an honorably discharged veteran, was appointed by respondent agency to the position of beverage control investigator trainee I, a probationary position within the competitive class of the classified civil service (Civil Service Law § 40). This position requires the successful completion of a two-year probationary period. Petitioner was appointed on March 5, 1986 and terminated for allegedly unsatisfactory performance effective August 19, 1987.

Petitioner instituted this CPLR article 78 proceeding to compel respondent to grant him a hearing upon stated charges, to reinstate him to his position pending the outcome and to provide him with back pay. It is the theory of the petition that section 75 of the New York Civil Service Law requires that a veteran holding a probationary appointment to a permanent civil service position must be afforded a hearing prior to termination of his employment.

Section 75 (1) provides that a person who holds a position in certain employment categories may not be terminated or subjected to specified disciplinary penalties "except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section." The protected categories include:

"(a) A person holding a position by permanent appointment in the competitive class of the classified civil service, or

"(b) a person holding a position by permanent appointment or employment in the classified service * * * who is an honorable [sic] discharged member of the armed forces of the United States having served therein as such member in time of war".

Other protected employment categories include those in the noncompetitive class (except employees performing confiden-

tial or policy-related functions) having five years' continuous service, New York City homemakers or home aides in the noncompetitive class having three years' continuous service and detectives with New York State police departments having three years' continuous service.

The conclusion that petitioner is entitled to a pretermination hearing on the ground that he is an honorably discharged veteran pursuant to section 75 (1) (b) is based upon the theory that his appointment, while concededly probationary, constitutes a "permanent appointment" or "permanent employment". If petitioner's rationale is accepted, however, he is entitled to a hearing as "[a] person holding a position by permanent appointment in the competitive class of the classified civil service" pursuant to section 75 (1) (a), and his status as a veteran is immaterial. Therefore, following this reasoning, any person holding probationary appointment to a permanent position is entitled to a hearing prior to termination.

Established precedent clearly does not support this position. As a general rule, a probationary employee may be terminated "without a hearing and without reasons being stated and, in the absence of any allegation or demonstration that the termination was because of constitutionally impermissible reasons or prohibited by statute or policies established by decisional law, courts will not interfere with the discretion of the appointing officer unless the action complained of was arbitrary and capricious" (*Matter of Talamo v Murphy,* 38 NY2d 637, 639; *see also, Matter of York v McGuire,* 63 NY2d 760; *Tomlinson v Ward,* 110 AD2d 537; *Matter of Bonacci v Quinones,* 124 AD2d 659). The Court of Appeals decision in *Matter of La Sota v Green* (53 NY2d 631), relied upon by the Supreme Court, is not to the contrary. In that opinion, the court remitted the case of a *provisional* employee who had attained permanent status for a determination as to whether his termination "complied with the applicable rules dealing with probationary terms for permanent appointees" (*supra,* at 632; *see,* Civil Service Law § 63). *La Sota,* therefore, concerns the distinction between provisional and permanent status and not the distinction, at issue in this proceeding, between probationary and nonprobationary status in a permanent position. The *La Sota* court had not yet reached the question, raised by the Court of Appeals upon remand, of whether the petitioner was properly terminated during his period of probation, and the decision is therefore inapposite to the issue raised on this appeal.

It is well-settled law that a veteran who has not completed

his probationary term is not entitled to a hearing prior to discharge. As the Second Department observed in 1946, "Section 6 of article V of the Constitution of the State of New York, as amended, providing that a preference be given to disabled veterans, does not exempt them from demonstrating their merit and fitness during a probationary period; nor does section 22 of the Civil Service Law [now section 75] require that a probationary appointee, even a disabled veteran, be accorded a hearing on charges" *(Matter of Silverman v Taylor,* 270 App Div 1040; *Matter of Losee v Wallace,* 259 App Div 722 [2d Dept 1940]; *Matter of Demilio v Lounsbery,* 275 App Div 979 [3d Dept 1949]). The only requirement is that the termination of employment be made in good faith and not capriciously *(Matter of Maynard v Monaghan,* 284 App Div 280 [1st Dept 1954], termination on mere suspicion of subversive tendencies). It is the burden of the employee to establish that his termination violated a constitutional, statutory or contractual provision *(Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth.,* 62 NY2d 897) or contravenes policies established by decisional law *(Matter of Stanziale v Executive Dept., Off. of Gen. Servs.,* 55 NY2d 735).

Petitioner also argues that a veteran serving a probationary term may not be terminated during the course of that term but only at its completion. Petitioner cites old case law and some unreported lower court decisions in support of this proposition. An examination of this area of law, however, reveals that termination was formerly limited by agency rules to the end of the probationary period. *Matter of Voll v Helbing* (256 App Div 44 [1939]) is illustrative. In that case, the Civil Service Rules provided: " 'if the conduct, capacity and fitness of the probationer are satisfactory to the appointing officer, his retention in the service at the end of such term shall be equivalent to his permanent appointment, but if his conduct, capacity or fitness be not satisfactory he may be discharged at the end of such term' " *(supra,* at 46). Likewise, in *Matter of Going v Kennedy* (3 Misc 2d 82, 84) the applicable rule provided, " 'There shall be a probationary period of six months for all permanent appointments * * *. At the end of such probationary period or periods the appointing officer may terminate the employment of any unsatisfactory employee by notice to the employee' ". In *Haberman v Codd* (48 AD2d 505, 507), this court stated, "It is well established that absent a statutory requirement, one who is terminated during a probationary period is not entitled to a hearing and may be dismissed without a reason being given for his removal". In that

case we held that where a probationary police officer had completed at least two months' minimum service as required by the applicable rule, his termination without a hearing or specification of charges prior to the end of the probationary term was entirely proper.

The matter under review is not distinguishable. Pursuant to section 63 (2) of the Civil Service Law, the Civil Service Commission is empowered to "provide by rule for the conditions and extent of probationary service." The rules provide: "If the conduct or performance of a probationer is not satisfactory, his or her employment may be terminated at any time after eight weeks and before completion of the maximum period of service" (4 NYCRR 4.5 [a] [5] [ii]). Having completed the minimum period of service prescribed by the rule, petitioner was properly terminated. Had petitioner not completed the minimum service period, then it would have been incumbent upon respondent to demonstrate, pursuant to 4 NYCRR 4.5 (b) (i), that petitioner was removed on the ground of incompetency or misconduct pursuant to Civil Service Law § 75 (see, Haberman v Codd, supra, at 507). Contrary to the view taken by the court below, there is no ambiguity between the rule stated in the statute and the regulation promulgated by the Commission. As we observed in Haberman v Codd, "given a fair reading, the rule and regulation complement each other" (48 AD2d 505, 508, supra).

The effect of Civil Service Law § 75 (1) (b) is to extend the protection afforded those employees in the competitive class to honorably discharged veterans employed in any classified civil service position, whether in the competitive, noncompetitive, labor or exempt class (see, Civil Service Law § 40). It does not, however, abrogate the provisions of Civil Service Law § 63 requiring completion of a probationary term nor well-established judicial authority denying the right to a pretermination hearing to a veteran on probation. Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.