■ In the Matter of MARIO DIFIGLIA, Appellant, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—

Petitioner was appointed to the position of probationary police officer on July 15, 1986 for a period of 18 months. On January 10, 1988, four days prior to the completion of his probationary period, petitioner was arrested in Nassau County following an altercation in a discotheque and charged with assault in the second degree, reckless endangerment in the first degree, obstructing governmental administration and resisting arrest. Petitioner was immediately suspended on January 10, 1988. Twenty-seven days later, he was terminated as a probationary police officer and was informed of the reasons for his termination.

Pursuant to rule 5.2.8 (b) of the Rules and Regulations of the New York City Personnel Director, petitioner's probationary period was extended by virtue of his suspension. Thus, petitioner was still a probationary employee when terminated. Employment of a probationary employee may be terminated at any time without a statement of reason or a hearing *(Matter of Anonymous v Codd,* 40 NY2d 860). Judicial review of the termination of a probationary employee is limited to an inquiry as to whether the termination was arbitrary, capricious or otherwise made in bad faith *(Haberman v Codd,* 48 AD2d 505, 508).

The record shows that the circumstances leading to petitioner's arrest provided a rational basis for his termination, and it was neither arbitrary nor capricious nor made in bad faith. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.