■ In the Matter of RODERICK A. WATERS, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 16, 1989 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent terminating petitioner's employment.

On December 18, 1986 petitioner, an honorably discharged veteran, was appointed by respondent to the position of vocational instructor IV, in the competitive class of the classified service *(see,* Civil Service Law §§ 40, 44). Permanent appointment was contingent upon successful completion of a probationary term of one to three years *(see,* 4 NYCRR 4.5 [a] [1] [ii]; [5] [ii]). Petitioner was terminated, without a hearing, effective February 11, 1988. He then commenced this CPLR article 78 proceeding asserting, *inter alia,* his right to a hearing upon stated charges due to his status as an honorably discharged veteran *(see,* Civil Service Law § 75 [1] [b]). Supreme Court granted the petition and respondent appeals.

We reverse. The precise legal issue presented here, whether an honorably discharged veteran may be discharged from a permanent position after completion of eight weeks of service *(see,* 4 NYCRR 4.5 [a] [5] [ii]) and during the probationary term *(see,* Civil Service Law § 63 [1]; 4 NYCRR 4.5 [a] [5] [i]), without notice of charges and a hearing, has recently been addressed by the Court of Appeals and answered in the affirmative *(see, Matter of Vaillancourt v New York State Liq. Auth.,* 75 NY2d 889, *affg on mem below* 153 AD2d 531). Civil

Service Law § 75 (1) (b), which has the effect of "extend[ing] the protection afforded those employees in the competitive class to honorably discharged veterans employed in any classified civil service position" *(Matter of Vaillancourt v New York State Liq. Auth.,* 153 AD2d 531, 534, *affd on mem below* 75 NY2d 889, *supra),* does not "abrogate the provisions of Civil Service Law § 63 requiring completion of a probationary term nor well-established judicial authority denying the right to a pretermination hearing to a veteran on probation" *(supra,* at 534).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.