OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted for review of the facts, if any, relevant to the determination.
When the eligibility requirements of the union pension plan were amended in 1963, though the phrase "covered employment with a contributing employer” was substituted at various other points for "union membership”, the provision mandating a 15-year union membership period was deleted in its entirety. Thus, there was no 15-year requirement of any kind, with the result, as we recently noted in Mitzner v Jarcho (44 NY2d 39, 47), that "prior to the 1966 amendment one could qualify for a full pension, having worked for contributing employers for only a very brief period”. The Appellate Division therefore erred in construing the plan prior to the 1966 amendment as requiring 15 nonconsecutive years of covered employment with contributing employers.
The imposition of this condition on eligibility, which neither plaintiff satisfied, led the Appellate Division to dismiss plaintiff’s claims for pension benefits without ever reaching the issue of whether the application of the 15-year continuous employment requirement to plaintiffs was arbitrary and unreasonable (see Mitzner v Jarcho, supra, pp 46-47).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and the case remitted to the *729 Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.