OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.
A review of the record leads us to the conclusion that plaintiff Battaglini has failed to demonstrate that respondents acted arbitrarily and capriciously in denying him pension benefits. Although it is true that one factor tending to indicate arbitrariness is "where an applicant is not given notice of changes in eligibility requirements” (Mitzner v Jarcho, 44 NY2d 39, 46; Burroughs v Board of Trustees, 542 F2d 1128, 1131, cert den 429 US 1096), the record reveals that the 15-consecutive-year employment eligibility requirement embodied in the 1966 amendment to the 1952 trust agreement for the benefit of journeymen plumbers and apprentices was discussed at union meetings and by workers on the job prior to its adoption. Furthermore, there is no evidence that plaintiff was misinformed concerning eligibility requirements for pension benefits before he moved to Ohio.
Nor can it be said that respondents breached their fiduciary duty by failing to volunteer information concerning plaintiff’s eligibility for pension benefits upon learning of his intention to relocate out-of-State. The fiduciary duty, although contem *882 plating full and complete dissemination of information, does not include the responsibility of tailoring an individual’s employment history to ensure eligibility. A worker having access to the eligibility requirements cannot claim arbitrariness or bad faith on the part of the trustees if he, by his own inattentiveness or inaction, fails to avail himself of accessible informational resources.
On the record before us, there is no evidence to suggest that plaintiff undertook steps to inquire specifically as to how his move to Ohio might affect his pension eligibility status and, as mentioned, there is evidence that the 15-consecutive-year eligibility requirement was discussed at union meetings and by workers on the job prior to its implementation.
In addition, it should be noted that this is not a case where eligibility requirements were applied retroactively to defeat a legitimate assertion of entitlement. (See Mitzner v Jarcho, 44 NY2d, at p 46, supra.) Plaintiff failed to meet, among other things, the 15-year union membership requirement contained in the 1952 trust agreement, and did not satisfy the 1963 amendment which required employment for two years with a contributing employer immediately preceding the request for benefits. (Huffe v Jarcho, 49 NY2d 726.) Thus, it is readily apparent that the application of the 15-consecutive-year eligibility requirement contained in the 1966 amendment to the trust agreement would not work to divest plaintiff of otherwise vested rights.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order, insofar as appealed from, affirmed.