■ In the Matter of CYNTHIA YORK, Respondent, v ROBERT J. McGUIRE, as Commissioner of the New York City Police Department, et al., Appellants. — Order, Supreme Court, New York County (A. F. Klein, J.), entered October 13,

1982 referring the matter for a trial of issues of fact whether petitioner's dismissal was arbitrary and capricious, is reversed, on the law, without costs, and the petition is dismissed. ¶ Petitioner as a probationary police officer could be dismissed without an "administrative hearing concerning the reasons for [her] dismissal absent proof, not present in this record, that the dismissal was for an improper reason or in bad faith". (*Matter of Anonymous v Codd,* 40 NY2d 860.) "The burden of presenting legal and competent evidence to show a deprivation of petitioner's rights or bad faith or other arbitrary action constituting an abuse of the commissioner's discretion must be borne by petitioner." (*Haberman v Codd,* 48 AD2d 505, 508.) No evidence has been submitted sufficient to raise a triable issue of fact (CPLR 7804, subd [h]) to support petitioner's claim of bad faith, improper motive, arbitrariness or capriciousness. The fact that petitioner received some favorable evaluations as well as some unfavorable ones during her probationary period is not sufficient to raise a triable issue of fact as to the commissioner's bad faith. ¶ The statement in petitioner's brief that she was informed by "Appellant" that she was dismissed for failing to meet the age requirements, and that this explanation was a subterfuge as to the real reason that she was terminated as a probationary police officer, is inaccurate. The police commissioner's notice of termination on January 5, 1982 said nothing about her age. It was only the Department of Personnel (not a part of the police department but in effect a municipal civil service commission) which thereafter on February 23, 1982 marked her disqualified for replacement on the list as over age. That "NOTICE OF PERSONNEL DIRECTOR ACTION" is misleadingly labeled in the record on appeal as "Letter of Termination". Concur — Murphy, P. J., Kupferman, Carro, Silverman and Alexander, JJ.