■ In the Matter of JAY SHERIDAN, Respondent, v BENJAMIN WARD et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Andrew H. Tyler, J.), entered May 24, 1985, which granted the petition to the extent of remanding the matter to the respondents for a determination regarding petitioner's application for ordinary disability retirement, is reversed, on the law, and the petition dismissed, without costs or disbursements.

Petitioner became a police officer on January 26, 1982. While still a probationary officer, he was involved in an off-duty automobile accident on April 23, 1983. As a consequence, he sustained serious injury to his left leg and loss of sight in his right eye. Petitioner went on sick leave two days following the accident and applied for a disability pension on May 31, 1983. After an initial consideration, in June 1983, of whether he should be terminated as unfit for police duty, a finding was made that he could not return to full duty until at least one year had passed. The Department's staff surgeon accordingly recommended that petitioner be decertified as a probationary officer, noting not only the leg injury, but also the loss of sight in one eye.

Petitioner remained on sick leave, thereafter receiving full medical benefits as well as his ordinary pay until November 1, 1983. He was then terminated by the Police Department as unfit for police duty. Two days later, on November 3, the Medical Board of the Police Pension Fund, unaware of petitioner's termination, considered petitioner's pending application for ordinary disability retirement. In view of his leg injury and the loss of vision in his eye, it found that petitioner was unfit for police duty. On that basis, the Medical Board recommended that his application be approved. Thereafter, the Pension Fund's Board of Trustees considered the Medical Board's recommendation. However, they denied the application, on the ground they had no jurisdiction to approve it, since petitioner had been already dismissed from the Police Department.

Petitioner commenced this proceeding, alleging that he had been terminated in bad faith in order to frustrate the processing of his pension application. He also asserted that, since he had filed his application while still a member of the Pension Fund, he was entitled to have the Board of Trustees approve the November 3rd recommendation of the Medical Board.

Special Term remanded the matter for reconsideration by the Board of Trustees, finding its denial of the application to

be arbitrary. This was in error, however, and we therefore reverse and dismiss the petition. The Board of Trustees is required by law to deny a pension to an applicant no longer in city service, and such denial is not a violation of NY Constitution, article V, § 7, which protects pension rights against impairment.

Administrative Code of the City of New York § B18-42.0 provides that eligibility for ordinary disability retirement is limited to a "member" of the Police Pension Fund. Membership in this Fund is limited by Administrative Code § B18-12.0 (a) to persons in "city-service". Thus, an applicant who has been removed from city service can no longer be awarded a pension. (*Matter of Eberle v LaGuardia,* 285 NY 247, 252; *Matter of Glazer v Board of Trustees,* 66 AD2d 759, *affd for reasons stated in mem at App Div* 48 NY2d 790; *Matter of Ambrose v Ward,* Sup Ct, NY County, Nov. 30, 1984, index No. 19214/84, *affd no opn* 119 AD2d 1013.)

The Police Department, in the absence of bad faith, has broad discretion in terminating probationary employees at any time, without a hearing and without reasons being stated. (*Matter of Talamo v Murphy,* 38 NY2d 637, 639.) The burden of showing bad faith is upon the petitioner (*Matter of York v McGuire,* 99 AD2d 1023, *affd* 63 NY2d 760) and petitioner failed to meet this burden. The record amply supports the respondents' contention that petitioner's injuries were of such gravity and the prognosis for recovery was so poor as to warrant termination. This termination was predicated on and preceded by numerous medical examinations and a full course of treatment and evaluation, which indicated that petitioner was extremely unlikely to return to full duty. In fact, as noted by Special Term, respondents' lack of bad faith is indicated by their withholding a final decision as to termination, which operated to petitioner's benefit by continuing him on medical leave at full pay for six months during the initial phase of his recovery. Concur—Sandler, J. P., Carro, Asch, Ellerin and Wallach, JJ.