■ In the Matter of LUKE BRENNAN, Respondent, v BENJAMIN WARD, as Police Commissioner of the City of New York and as Executive Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Francis N. Pecora, J.), entered on or about July 28, 1986, which granted this CPLR article 78 petition to the extent of remanding the matter to the Board of Trustees of the Police Pension Fund, Article II, for a determination of petitioner's application for ordinary disability benefits on the merits, unanimously reversed, on the law, and the petition dismissed, without costs.

Petitioner was appointed a New York City police officer on July 16, 1984, subject to satisfactory completion of an 18-month probationary period. On February 13, 1985, petitioner suffered a broken toe on his right foot for which he received emergency treatment at Nyack Hospital. Two weeks later, petitioner suffered several grand mal seizures culminating in his hospitalization from February 27 through March 6, 1985 with a diagnosis of hypothyroidism and seizure activity. On March 6th, petitioner's firearms were removed and when he returned from sick report on May 7, 1985 he was placed on

"limited capacity" with a diagnosis of "seizure disorder". On May 22, 1985 petitioner was assigned to "restricted duty" and was not approved to operate a motor vehicle or to be on patrol. Two days thereafter, on May 24, 1985, petitioner filed an application with respondent Police Pension Fund, Article II, for ordinary disability retirement due to his medical condition.

Shortly after petitioner's assignment to restricted duty, his medical records and history were reviewed by a police staff surgeon who, in a report dated June 20, 1985, recommended that petitioner's appointment to the Police Department be terminated for medically disqualifying conditions. On August 6, 1985, within the probationary period, petitioner was notified that his employment was terminated. There is no evidence whatsoever in the record that either the staff surgeon or any of the other police officials who endorsed and approved this recommendation were aware of petitioner's pending application for retirement benefits.

Subsequent to the termination of Brennan's employment, his application for disability retirement was reviewed by the Medical Board of the Police Pension Fund. The Medical Board, unaware that petitioner had been terminated from the force two months earlier, recommended to the Board of Trustees of the Pension Fund that Brennan be granted an ordinary disability retirement, based on a finding that his seizure disorder was permanent and disabling. The Board of Trustees, however, declined to consider petitioner's retirement application indicating that since petitioner was no longer an employee of the Police Department, he was, as a consequence, no longer a member of the Police Pension Fund eligible for benefits.

The instant article 78 proceeding challenging this determination followed. In holding that petitioner was entitled to have the Board of Trustees consider his application on the merits, the Supreme Court viewed petitioner's status on the date he applied for the pension as determinative. The court found that since it was undisputed that petitioner was in "city service" and a member of the Police Pension Fund at the time he filed his application for retirement benefits he was entitled to have the Board of Trustees consider the rule on the merits of his application even though his probationary appointment was subsequently terminated because he was unable to fully perform the duties of a police officer.

At the time that such decision was rendered, there was some authority which appeared to support the position taken

by the IAS Judge. Since then, however, this court has had occasion to rule on two similar cases involving police officers whose employment was terminated prior to their applications for retirement benefits being ruled on by the Pension Fund. *(Matter of Sheridan v Ward,* 125 AD2d 274; *Ambrose v Ward,* Sup Ct, NY County, Nov. 30, 1984, index No. 19214/84, *affd without opn* 119 AD2d 1013.) As is made clear in those cases, the rules governing the Police Pension Fund limit eligibility for ordinary disability retirement to "members" in "city service", and, accordingly, an applicant who has been removed from the Police Department can no longer be awarded a pension even though the application was filed while the applicant was still employed in city service. (125 AD2d, *supra,* at 275.) The only limitation upon this general rule is if the termination of an employee is effected with a view toward frustrating an application for disability retirement, or is otherwise made in bad faith. Under such circumstances, the prior termination will not be permitted to prevent consideration of an application for disability retirement made before termination. *(See, Matter of Sheridan v Ward, supra; Edwards v Codd,* 59 AD2d 148.)

In the instant case there is no evidence whatsoever of any bad faith on the part of the respondents. The Police Department personnel who were involved in the determination to terminate petitioner's employment have submitted uncontroverted affidavits that they were unaware of petitioner's application for disability retirement when they considered the matter. Significantly, as in *Sheridan (supra),* there is ample medical evidence that petitioner's medical condition rendered him unfit for duty and that it was such condition which led to the termination of his employment during his probationary period.

Accordingly, since Brennan was no longer an employee of the Police Department at the time his pension application was considered, and in the absence of bad faith on the part of any of the respondents relative to the termination of his employment, the order and judgment should be reversed and the petition dismissed. Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.