■ Nancy Averys, Respondent, v Raymond Kelly, as Police Commissioner of the City of New York, et al., Appellants. [625 NYS2d 14] —Judgment, Supreme Court, New York County (William Davis, J.), entered November 29, 1993, which granted a petition filed pursuant to CPLR article 78 and ordered the Police Commissioner to reinstate petitioner and allow her to apply for disability retirement, unanimously reversed, on the law, and the petition denied, without costs.

Petitioner, an injured probationary New York City Police Department ("NYPD") officer, failed to meet her burden of demonstrating that respondent acted in bad faith by terminating her prior to her being considered for disability retirement *(Matter of York v McGuire,* 99 AD2d 1023, *affd* 63 NY2d 760).

Petitioner was allowed sick leave at full pay for 15 months, during which she underwent treatment and repeated medical evaluation, before she was allowed to return to restricted duty. It was only after she had demonstrated an inability to perform even limited police functions that she was discharged. At that point, the record indicates that the petitioner was aware of and discussed with departmental physicians, the possibility of termination.

Such circumstances have been found to indicate a lack of bad faith *(see, Matter of Sheridan v Ward,* 125 AD2d 274, 275, *lv denied* 69 NY2d 609, citing *Matter of Talamo v Murphy,* 38 NY2d 637, 639). A similar finding is warranted here, especially since petitioner failed to apply for disability retirement.

The absence of an element of bad faith readily distinguishes this case from *Matter of Bellman v McGuire* (140 AD2d 262) and *Brown v Ward* (NYLJ, May 19, 1989, at 22, col 2), cases relied on by petitioner and the IAS Court in its decision. In *Bellman,* the probationary police officer was terminated five days after filing for disability benefits for a line-of-duty injury. The Court found the termination to be in bad faith because the NYPD misled the officer by keeping him on active duty despite an alleged prior decision to terminate him as medically unfit due to a pre-existing condition, and because, under the circumstances, the discharge appeared to be in retaliation for his filing for disability. In *Brown,* the petitioner alleged that she did not file for disability prior to termination because departmental physicians had misled her by assuring her that she would be able to return to full duty and by concealing medical reports from her.

Furthermore, the *Brown* court's holding, that it is *per se* bad faith to terminate an injured probationary police officer before she is considered for disability retirement, whether or not she applied for it, was inconsistent with the law on this issue in the First Department. While we have held that the NYPD may not terminate a probationary officer with the purpose of frustrating a disability pension, such pension may be denied as the unintended consequence of termination *(Matter of Brennan v Ward,* 134 AD2d 194; *Matter of Sheridan v Ward, supra).*

Nor did the Police Commissioner act in bad faith by failing to file a disability retirement application on behalf of petitioner. Administrative Code of the City of New York § 13-251 does not require the Police Commissioner to file an application; the provision states that the Commissioner, or others,

may file the application and requires only that the officer be medically examined once the application is made. Neither is the Commissioner so obligated as a trustee and fiduciary of the retirement fund, since the Court of Appeals has held that an employee with access to information regarding pension eligibility requirements cannot claim arbitrariness or bad faith by the trustees where, due to his own laxity, he fails to take advantage of the available information *(Schulman v Jarcho,* 49 NY2d 880, 881-882).

Finally, petitioner fails to establish her claim that denial of disability retirement benefits to her violated the Equal Protection Clause of the New York State Constitution. Aside from the fact that she never applied for benefits, she does not set forth arguments to meet her burden of demonstrating that the legislative scheme governing such benefits is unconstitutional beyond a reasonable doubt, i.e., that no reasonable basis whatsoever exists for excluding police officers from coverage under the Workers' Compensation Law, which allows a disability claim after discharge, while granting them coverage under the Police Pension Fund, Article II, which does not *(Lighthouse Shores v Islip,* 41 NY2d 7, 11-12; *see also, Poggi v City of New York,* 109 AD2d 265, 273, *affd* 67 NY2d 794). Concur—Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.