Matter of Mathew v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2019 NY Slip Op 00235)





Matter of Mathew v Board of Educ. of the City Sch. Dist. of the City of N.Y.


2019 NY Slip Op 00235


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8109 160702/16

[*1]In re Maria Mathew, Petitioner-Appellant,
v
Board of Education of the City School District of the City of New York, et al., Respondents-Respondents.


Law Office of Robert T. Reilly, New York (Oriana Vigliotti of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Manuel J. Mendez, J.), entered July 21, 2017, denying the petition to annul respondents' determination, which terminated petitioner's probationary employment as a teacher, and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Although petitioner challenges the calculation of some of her ratings, there is no basis for finding that the termination of her probationary employment "was for a constitutionally impermissible purpose, violative of a statute, or done in bad
faith" (Matter of Mendez v New York City Dept. of Educ., 28 NY3d 993, 994 [2016] [internal quotation marks omitted]; see Matter of Brown v City of New York, 280 AD2d 368, 370 [1st Dept 2001]). The evidence that petitioner received two "developing" annual overall ratings supports the conclusion that the determination was not made in bad faith, even though she received an "effective" rating in her last year (see Matter of Leka v New York City Law Dept., 160 AD3d 497 [1st Dept 2018]; Matter of York v McGuire, 99 AD2d 1023 [1st Dept 1984], affd 63 NY2d 760 [1984]). Nor was petitioner entitled to notice of the possibility that her probationary employment would be terminated, beyond the required 60-day notice that was given (Education Law § 2573[1]). Furthermore, any deviations from certain procedures did not deprive petitioner of a substantial right or undermine the fairness and integrity of the rating process (see Cooper v City of New York, 158 AD3d 553, 554 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK