| |
|---|
| **Thompson v New York City Hous. Auth.** |
| 2025 NY Slip Op 32172(U) |
| June 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160700/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                PART                11M
                                    *Justice*

-------------------------------------------------------------------------------X

RANDOLPH THOMPSON                          INDEX NO.          160700/2024

                          Petitioner,       MOTION DATE        11/15/2024

                - v -                        MOTION SEQ. NO.         001

NEW YORK CITY HOUSING AUTHORITY,

                          Respondent.        **DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 were read on this motion to/for              ARTICLE 78 (BODY OR OFFICER)              .

Upon the foregoing documents, the petition is denied.

## Background

Randolph Thompson ("Petitioner") is a bricklayer who was employed by the New York City Housing Authority ("NYCHA" or "Respondent") starting on May 15, 2023. His employment was subject to a one-year probationary period, which would be extended for any workdays missed by Petitioner. Of his four quarterly reviews during employment, two were satisfactory and two were unsatisfactory. He received five counseling memoranda during his time at NYCHA, for poor workmanship, misconduct, and workplace violence. On August 6, 2024, Petitioner was terminated. Petitioner was not afforded the disciplinary due process laid out in Civil Service Law § 75, as it was Respondent's position that Petitioner was terminated during his extended probationary period. Petitioner brought the present Article 78 petition, seeking to challenge his termination on the grounds that his probationary period had actually expired by the termination date, thus requiring that Respondent comply with Civil Service Law § 75 before termination.

[* 1]

The parties dispute whether the probationary period had expired by August 6, with the ultimate dispute arising over whether Petitioner was absent from work on certain days. Initially, Petitioner claimed in his affidavit that he was absent no more than 30 days, and Respondent claimed that their records showed he was absent for 59 days. After Respondents had answered, Petitioner submitted a reply affidavit stating that he had actually been absent 52 days, thus making his termination 4 days after the probation period had ended. He included an affirmation from another NYCHA employee, Mr. Alex Arnold, stating that Petitioner had done work on NYCHA sites with him on seven specific days that Respondent's files showed Petitioner as absent.

After oral argument was held, the parties conducted an investigation into five of the seven disputed days and exchanged relevant information and records. Petitioner now claims that he remembers that he did not in fact work with Mr. Arnold during two of the seven days in question, contrary to statements in the earlier affidavits. NYCHA has payroll records indicating that Petitioner was absent on all seven of the days, and Petitioner has photographs of work he alleges was performed on all seven days in question.

**Standard of Review**

A party may bring an Article 78 petition to challenge the final determination of an administrative agency. CPLR § 7801(1). A court must give great deference to the agency's decision and cannot "interfere unless there is no rational basis for the exercise of discretion or the action complained of is arbitrary and capricious." *Pell v. Board of Education*, 34 N.Y.2d 222, 231 [1974]. Judicial review is also available if the agency's determination was "contrary to law or procedure." *Barrett Japaning, Inc. v. Bialobroda*, 190 A.D.3d 544, 545 [1st Dept. 2021]. An action is irrational or arbitrary and capricious if "it is taken without sound basis in reason or

[* 2]

regard to the facts." *Matter of A.Z. v. City Univ. of N.Y., Hunter Coll.*, 197 A.D.3d 1027, 1027 [1st Dept. 2021].

**Discussion**

A probationary employee can be dismissed without a hearing unless proof is presented that the dismissal was "for an improper reason or in bad faith." *York v. McGuire*, 99 A.D.2d 1023, 1023 [1st Dept. 1984]. It is not argued that the dismissal was done in bad faith or for an improper reason. The key dispositive issue is therefore whether Petitioner was a probationary employee, or a permanent employee with due process rights at the time of termination. If Petitioner was absent from work on all the days that he was marked absent in Respondent's records, he was a probationary employee on August 6, 2024, and therefore the decision to terminate him was not arbitrary and capricious. If, however, Petitioner had actually worked on three or more of the disputed days, then his probationary period had expired, and he would have been entitled by law to certain due process procedures before termination.

Respondents have their payroll and computer records indicating that Petitioner was absent on those days. Petitioner has photographs of work he alleges was performed on several of those days, and changing testimony about what days he worked and if there was another NYCHA employee with him. The Court finds that based on the above, Petitioner has not met his burden in showing that the decision to terminate him was arbitrary, unreasonable, or contrary to law. Accordingly, it is hereby

ADJUDGED that the petition is denied.

**160700/2024   THOMPSON, RANDOLPH vs. NEW YORK CITY HOUSING AUTHORITY**                                   **Page 3 of 4**
  **Motion No.  001**

[* 3]                                                                          3 of 4

20250617121209LFRANK83B9D7E0DBA5489CBFC79FA7FB352482

__6/17/2025__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]